The Honorable Robert S. Lasnik

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| CHRISTOPHER KRAMER, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>AUTOBYTEL, INC., a Delaware corporation, B2MOBILE, LLC, a California limited liability company, and LEADCLICK MEDIA, INC., a California corporation,<br><br>Defendants. | No. C 09-1641 RSL<br><br>**FIRST AMENDED COMPLAINT — CLASS ACTION**<br><br>JURY TRIAL DEMANDED |

Plaintiff Christopher Kramer alleges as follows upon personal knowledge as to himself and his own acts and experiences and, as to all other matters, upon information and belief, including investigation by his attorneys.

**NATURE OF THE CASE**

1.  Plaintiff brings this class action against Defendants Autobytel, Inc. d/b/a MyRide.com ("Autobytel"), B2Mobile, LLC ("B2Mobile"), and LeadClick Media, Inc. ("LeadClick"), to stop Defendants' practice of making unsolicited text message calls to cellular telephones, and to obtain redress for all persons injured by their conduct.

2.  In an effort to promote its automotive products to consumers, Autobytel, the proprietor of one of the nation's largest automotive referral services, through marketing partners such as LeadClick, engaged B2Mobile to conduct an especially pernicious form of marketing:

FIRST AMENDED COMPLAINT
No. C 09-1641 RSL

- 1 -

Law Offices of
Clifford A. Cantor, P.C.
627 208th Ave. SE
Sammamish, WA  98074-7033
Tel:  (425) 868-7813 ● Fax:  (425) 868-7870

the transmission of unauthorized advertisements in the form of "text message" calls to the cellular telephones of consumers throughout the nation.

3. By effectuating these unauthorized text message calls (hereinafter, "wireless spam"), Defendants have caused consumers actual harm, not only because consumers were subjected to the aggravation that necessarily accompanies wireless spam, but also because consumers frequently have to pay their cell phone service providers for the receipt of such wireless spam.

4. In order to redress these injuries, Plaintiff, on behalf of himself and a nationwide class of similarly situated individuals, brings suit under the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq.* ("47 U.S.C. § 227"), which prohibits unsolicited voice and text calls to cell phones.

5. On behalf of the class, Plaintiff seeks an injunction requiring Defendants to cease all wireless spam activities and an award of statutory damages to the class members, together with costs and reasonable attorneys' fees.

**PARTIES**

6. Plaintiff Christopher Kramer is a resident of Illinois.

7. Defendant AutoBytel is a Delaware corporation that maintains its principle place of business in California. It does business throughout Washington State, including this District.

8. Defendant B2Mobile is a California limited liability company that maintains its principle place of business in California. It does business throughout Washington State, including forming contracts and transacting business in this District.

9. Defendant LeadClick is a California corporation that maintains its principle place of business in California. It does business throughout Washington State, including forming contracts and transacting business in this District.

**JURISDICTION & VENUE**

10. The Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332 (d), because (a) at least one member of the putative class is a citizen of a state different

FIRST AMENDED COMPLAINT
No. C 09-1641 RSL

- 2 -

LAW OFFICES OF
CLIFFORD A. CANTOR, P.C.
627 208th Ave. SE
Sammamish, WA 98074-7033
Tel: (425) 868-7813 ● Fax: (425) 868-7870

1  from Defendants, (b) the amount in controversy exceeds $5,000,000, exclusive of interest and
2  costs, and (c) none of the exceptions under that subsection apply to this action.

3        11.  This Court has personal jurisdiction over the Defendants under Wash. Rev. Code
4  § 4.28.185 because the acts alleged herein occurred in Washington (and, specifically, the
5  Western District of Washington).

6        12.  Venue is proper in this district because one or more Defendants transact business
7  in this District, including by soliciting consumers, entering into contracts with vendors and
8  transmitting the text message calls nationwide from property located in this District.

## COMMON ALLEGATIONS

10       13.  In recent years, marketers who have often felt stymied by federal laws limiting
11 solicitation by telephone, facsimile machine, and e-mail have increasingly looked to alternative
12 technologies through which to send bulk solicitations cheaply.

13       14.  One of the newest types of such bulk marketing is to advertise through Short
14 Message Services.  The term "Short Message Service" or "SMS" is a messaging system that
15 allows cellular telephone subscribers to use their cellular telephones to send and receive short
16 text messages, usually limited to 160 characters.

17       15.  A "SMS message" is a text message call directed to a wireless device through the
18 use of the telephone number assigned to the device.  When an SMS message call is successfully
19 made, the recipient's cell phone rings, alerting him or her that a call is being received.  As
20 cellular telephones are inherently mobile and are frequently carried on their owner's person, calls
21 to cellular telephones, including SMS messages, may be received by the called party virtually
22 anywhere worldwide.

23       16.  Unlike more conventional advertisements, wireless spam actually costs its
24 recipients money, because cell phone users must frequently pay their respective wireless service
25 providers either for each text message call they receive or for a text plan that includes a number
26 of messages, regardless whether or not the message is authorized.

27       17.  Defendant B2Mobile acquires lists of consumer cell phone numbers from various

FIRST AMENDED COMPLAINT
No. C 09-1641 RSL
- 3 -
LAW OFFICES OF
CLIFFORD A. CANTOR, P.C.
627 208th Ave. SE
Sammamish, WA  98074-7033
Tel:  (425) 868-7813 ● Fax:  (425) 868-7870

third parties.

18. On information and belief, once B2Mobile acquires a list of phone numbers from a third-party, it sends massive amounts of spam text message advertisements, including advertisements for Defendant Autobytel, from property located in this District.

19. Over the course of an extended period beginning in at least April 2009, Defendants directed the nationwide mass transmission of wireless spam to the cell phones of thousands of consumers nationwide.

20. For instance, in or about April 1, 2009, Plaintiff's cell phone rang, indicating that a text call was being received.

21. The "from" field of such transmission was identified cryptically as "77893," a format which Plaintiff later learned was an abbreviated telephone number known as an SMS short code operated by Defendant B2Mobile. The body of such text message read:

> NEED SOME EXTRA CASH FOR YOU NEW EDUCATION?
> GET A CASH ADVANCE OF UP TO $1500!
> GO TO WWW.CASHSPOTUSA.COM.
> PROMO CODE: 7PX5E TO END REPLY STOP.

22. Immediately after receiving the above spam text message, Plaintiff responded, consistent with the opt-out instructions contained in the message, by replying to short code 77893 with a text message that contained the word "Stop."

23. Following Plaintiff's affirmative action to opt-out of any further text messages from Defendants, he received nine more text messages from the SMS short code "77893" similarly advertising Defendants and/or third-parties' products.

24. For example, on or about October 20, 2009, Plaintiff's cell phone rang, indicating that a text call was being received.

25. The "from" field of such transmission was identified as "77893." The body of such text message read:

FIRST AMENDED COMPLAINT
No. C 09-1641 RSL

- 4 -

Law Offices of
Clifford A. Cantor, P.C.
627 208th Ave. SE
Sammamish, WA  98074-7033
Tel:  (425) 868-7813  ●  Fax:  (425) 868-7870

> DEAL ALERT: CARS FROM $99/MO! AVAIL. IN YOUR AREA!
> GO TO: WWW.CARS499.COM PROMO: 39075
> FOR IMMEDIATE LISTINGS CALL 1800-387-6230.
> TO END REPLY STOP.

26. The website promoted in the above text message directs consumers to MyRide.com, an automotive referral website operated by Defendant Autobytel.

27. Defendants knowingly sent spam text messages in violation of Plaintiff's privacy. Such text messages were transmitted to the cellular phones of consumers nationwide by an agent of Defendants located in this District.

28. At no time did Plaintiff consent to the receipt of such text message calls from Defendants.

## CLASS ACTION ALLEGATIONS

29. Plaintiff brings this action pursuant to Federal Rule of Civil Procedure 23(a) and 23(b)(2) and (b)(3) on behalf of himself and a class (the "Class") and subclass (the "Subclass") defined as follows:

> Class Definition. All persons in the United States and its Territories who received one or more unauthorized text message advertisements on behalf of Defendants.
>
> Subclass Definition. All persons in the United States and its Territories who received one or more unauthorized text message advertisements on behalf of Defendants after affirmatively opting-out of the receipt of any further text message advertisements from Defendants.
>
> [Excluded from the Class and Subclass are Defendants and their directors, managers, and employees, and members of those individuals' immediate families.]

30. In order to make their *en masse* transmission of text message advertisements economical, Defendants used lists of thousands of cellular telephone numbers of consumers acquired from third-parties. As such, the Class and Subclass consists of thousands of individuals and other entities, making joinder impractical.

31. Plaintiff will fairly and adequately represent and protect the interests of the other

FIRST AMENDED COMPLAINT
No. C 09-1641 RSL

- 5 -

LAW OFFICES OF
CLIFFORD A. CANTOR, P.C.
627 208th Ave. SE
Sammamish, WA  98074-7033
Tel:  (425) 868-7813 ● Fax:  (425) 868 -7870

members of the Class and Subclass. Plaintiff has retained counsel with substantial experience in prosecuting complex litigation and class actions. Plaintiff and his counsel are committed to vigorously prosecuting this action on behalf of the members of the Class and Subclass, and have the financial resources to do so. Neither Plaintiff nor his counsel have any interest adverse to those of the other members of the Class and Subclass.

32. Absent a class action, most members of the Class and Subclass would find the cost of litigating their claims to be prohibitive, and will have no effective remedy. The class treatment of common questions of law and fact is also superior to multiple individual actions or piecemeal litigation in that it conserves the resources of the courts and the litigants, and promotes consistency and efficiency of adjudication.

33. Defendants have acted and failed to act on grounds generally applicable to the Plaintiff and the other members of the Class and Subclass in transmitting the wireless spam at issue, requiring the Court's imposition of uniform relief to ensure compatible standards of conduct toward the members of the Class and Subclass.

34. The factual and legal bases of Defendants' liability to Plaintiff and to the other members of the Class and Subclass are the same, resulting in injury to the Plaintiff and to all of the other members of the Class and Subclass as a result of the transmission of the wireless spam alleged herein. Plaintiff and the other Class and Subclass members have all suffered harm and damages as a result of Defendants' unlawful and wrongful conduct as a result of the transmission of the wireless spam.

35. There are many questions of law and fact common to the claims of Plaintiff and the other members of the Class and Subclass, and those questions predominate over any questions that may affect individual members of the Class and Subclass. Common questions for the Class and Subclass include but are not limited to the following:

    (a) Does the wireless spam Defendants distributed violate 47 U.S.C. § 227?

    (b) Are the Class and Subclass members entitled to treble damages based on the willfulness of Defendants' conduct?

FIRST AMENDED COMPLAINT
No. C 09-1641 RSL

- 6 -

LAW OFFICES OF
CLIFFORD A. CANTOR, P.C.
627 208th Ave. SE
Sammamish, WA 98074-7033
Tel: (425) 868-7813 ● Fax: (425) 868-7870

# FIRST CAUSE OF ACTION

**(Violation of 47 U.S.C. § 227, on behalf of the Class and Subclass)**

36. Plaintiff incorporates by reference the foregoing allegations as if fully set forth herein.

37. Defendants made unsolicited commercial text calls, including the message in paragraph 25, to the wireless telephone numbers of the Class and Subclass. Each such text message call was made using equipment that, upon information and belief, had the capacity to store or produce telephone numbers to be called, using a random or sequential number generator. By using such equipment, Defendants were able to effectively send thousands of text messages simultaneously to lists of thousands of wireless phone numbers of consumers without human intervention.

38. These text calls were made *en masse* and without the prior express consent of the Plaintiff and the other members of the Class and Subclass to receive such wireless spam.

39. Defendant B2Mobile contracted with third parties to acquire lists of phone numbers for the sole purpose of sending spam text messages on behalf of advertisers for its own monetary gain. Defendant Autobytel contracted with LeadClick, who thereafter contracted with B2Mobile, for the purpose of advertising Autobytel's products and services through spam text messages.

40. Defendants have, therefore, violated 47 U.S.C. § 227(b)(1)(A)(iii). As a result of Defendants' conduct, the members of the Class and Subclass suffered actual damages by having to pay their respective wireless carriers for the text messages and, under section 227(b)(3)(B), are each entitled to, *inter alia,* a minimum of $500 in damages for each violation of such act.

41. Because Defendants' had knowledge that Plaintiff, Class and Subclass did not consent to the receipt of the aforementioned wireless spam, the Court should, pursuant to section 47 U.S.C. § 227(b)(3)(C), treble the amount of statutory damages recoverable by the Plaintiff and the other members of the Class.

WHEREFORE, Plaintiff Christopher Kramer, on behalf of himself, the Class, and

FIRST AMENDED COMPLAINT
No. C 09-1641 RSL

- 7 -

LAW OFFICES OF
CLIFFORD A. CANTOR, P.C.
627 208th Ave. SE
Sammamish, WA  98074-7033
Tel:  (425) 868-7813 ● Fax:  (425) 868-7870

Subclass prays for the following relief:

1. An order certifying the Class and Subclass as defined above;
2. An award of actual and statutory damages;
3. An injunction requiring Defendants to cease all wireless spam activities;
4. An award of reasonable attorneys' fees and costs; and
5. Such further and other relief the Court deems reasonable and just.

## JURY DEMAND

Plaintiff requests trial by jury of all claims that can be so tried.

Dated:  April 19, 2010            Respectfully submitted,

s/ Cliff Cantor, WSBA # 17893
LAW OFFICES OF CLIFFORD A. CANTOR, P.C.
627 208th Ave. SE
Sammamish WA 98074
(425) 868-7813

Christopher Dore
Michael McMorrow
Ryan Andrews
EDELSON MCGUIRE LLC
350 N. LaSalle St., Suite 1300
Chicago, IL 60654
(312) 589-6370

Attorneys for Plaintiff Christopher Kramer, individually and on behalf of all others similarly situated

Certificate of Service

I certify that on April 19, 2010, I caused the foregoing to be filed with the Clerk of the Court using the CM/ECF system, which will cause copies to be emailed to all counsel of record.

s/ Cliff Cantor, WSBA # 17893

FIRST AMENDED COMPLAINT
No. C 09-1641 RSL

- 8 -

LAW OFFICES OF
CLIFFORD A. CANTOR, P.C.
627 208th Ave. SE
Sammamish, WA  98074-7033
Tel:  (425) 868-7813  ●  Fax:  (425) 868-7870