John P. Zaimes (SBN 91933)
jzaimes@reedsmith.com
Roxanne M. Wilson (SBN 94627)
rwilson@reedsmith.com
Jennifer L. Nelson (SBN 228996)
jlnelson@reedsmith.com
REED SMITH LLP
355 South Grand Avenue, Suite 2900
Los Angeles, CA  90071-1514
Telephone:  +1 213 457 8000
Facsimile:   +1 213 457 8080

Attorneys for Defendant
LeadClick Media, Inc.

The Honorable Claudia Wilken

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTOPHER KRAMER, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>AUTOBYTEL INC., B2MOBILE, LLC, and LEADCLICK MEDIA, INC.,<br><br>Defendants | Case No.: 10-cv-02722-CW<br><br>STIPULATED PROTECTIVE ORDER AND ORDER |

This stipulation is entered into by plaintiff Christopher Kramer ("plaintiff") and defendants LeadClick Media, Inc, B2 Mobile, Inc. and Autobytel Inc. ("defendants"), as follows:

1. GOOD CAUSE STATEMENT

Documents and information sought and exchanged in discovery in this action may contain, disclose or relate to confidential or sensitive personal, financial, business or commercial information of plaintiff, defendant, and members of the putative class, including, but not limited to, personal contact information, telephone records, and  confidential and proprietary business plans and materials, such that the

broad dissemination of information outside of this litigation could result in the unwarranted disclosure and use of personal contact information and confidential and sensitive information and may violate individual privacy rights.

2.  PURPOSES AND LIMITATIONS

Disclosure and discovery activity in this action are likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation would be warranted. Accordingly, the parties hereby stipulate to and petition the court to enter the following Stipulated Protective Order. The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled under the applicable legal principles to treatment as confidential. The parties further agree that this Stipulated Protective Order is not intended to and shall not operate to limit discovery otherwise permissible under the Federal Rules of Civil Procedure. The parties further acknowledge, as set forth in Section 13, below, that this Stipulated Protective Order creates no entitlement to file confidential information under seal; Civil Local Rule 79-5 sets forth the procedures that must be followed and reflects the standards that will be applied when a party seeks permission from the court to file material under seal.

3.  DEFINITIONS

3.1  Party: any party to this action, including plaintiff Christopher Kramer and defendants LeadClick Media, Inc, B2 Mobile, Inc. and Autobytel Inc., including all of his or its officers, directors, employees, consultants, retained experts, and Outside Counsel of Record (and their support staff).

3.2  Non-Party: any natural person, partnership, corporation, association, or other legal entity not named as a Party to this action.

3.3  Disclosure or Discovery Material: all items or information, regardless of the medium or manner generated, stored, or maintained (including,

among other things, testimony, transcripts, or tangible things) that are produced or generated in disclosures or responses to discovery in this matter.

3.4 "CONFIDENTIAL" information or Items: information (regardless of how generated, stored or maintained) or tangible things that qualify for protection under standards developed under F.R.Civ.P. 26(c).

3.5 Receiving Party: a Party that receives Disclosure or Discovery Material from a Producing Party.

3.6 Related Arbitration: an arbitration between the Parties, or between a Party and a non-party, for breach of contract or indemnity related to a claim in this litigation against one or more of the Parties.

3.7 Producing Party: a Party or non-party that produces Disclosure or Discovery Material in this action.

3.8 Designating Party: a Party or non-party that designates information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL."

3.9 Challenging Party: a Party or Non-Party that challenges the designation of information or items under this Order.

3.10 Protected Material: any Disclosure or Discovery Material that is designated as "CONFIDENTIAL."

3.11 Outside Counsel of Record: attorneys who are not employees of a Party but who are retained to represent or advise a Party and have appeared in this action on behalf of that Party or are associated with a law firm which has appeared on behalf of that Party, including attorneys at the law offices of Clifford A. Cantor, Edelson McGuire, LLC, Summit Law Group, PLLC, Davis Wright Tremaine, LLP, Reed Smith, LLP, Hanson Bridgett LLP.

3.12 House Counsel: attorneys who are employees of a Party. House Counsel does not include any Outside Counsel of Record or any other outside counsel.

3.13 <u>Counsel (without qualifier)</u>: Outside Counsel of Record and House Counsel (as well as their support staffs).

3.14 <u>Expert</u>: a person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this action.

3.15 <u>Professional Vendors</u>: persons or entities that provide litigation support services (e.g., photocopying; videotaping; translating; preparing exhibits or demonstrations; organizing, storing, retrieving data in any form or medium; etc.) and their employees and subcontractors.

4. SCOPE

The protections conferred by this Stipulation and Order cover not only Protected Material (as defined above), but also any information copied or extracted therefrom, as well as all copies, excerpts, summaries, or compilations thereof, plus testimony, conversations, or presentations by parties or counsel to or in court or in other settings that might reveal Protected Material.  However, the protections conferred by this Stipulation and Order do not cover the following information: (a) any information that at the time of disclosure to a Receiving Party is in the public domain or after its disclosure to a Receiving Party becomes part of the public domain as a result of publication not involving a violation of this Order; or (b) any information known to the Receiving Party prior to the disclosure or obtained by the Receiving Party after the disclosure from a source who obtained the information lawfully and under no obligation of confidentiality to the Designating Party. Any use of Protected Material at trial shall be governed by a separate agreement and/or order.

5. DURATION

Even after final disposition of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs.  Final disposition shall be deemed to be the later of (1) dismissal of all claims and defenses in this action,

with or without prejudice; or (2) final judgment herein after the completion and exhaustion all appeals, rehearings, remands, trials or reviews of this action, including the time limits for the filing of any motions or applications for extension of time pursuant to applicable law; and (3) the arbitrator's award in any Related Arbitration and final judgment in any judicial review of the arbitrator's award.

6. DESIGNATING PROTECTED MATERIAL

6.1 <u>Exercise of Restraint and Care in Designating Material for Protection</u>. Each Party or non-party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards. To the extent it is practical to do so, the Designating Party should designate for protection only those parts of material, documents, items, or oral or written communications that qualify - so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order.

Mass, indiscriminate, or routinized designations are prohibited. Designations that are shown to be clearly unjustified, or that have been made for an improper purpose (e.g., to unnecessarily encumber or retard the case development process, or to impose unnecessary expenses and burdens on other parties), expose the Designating Party to sanctions.

If it comes to a Designating Party's attention that information or items that it designated for protection do not qualify for protection, that Designating Party must promptly notify all other parties that it is withdrawing the mistaken designation.

6.2 <u>Manner and Timing of Designations</u>. Except as otherwise provided in this Order (see, e.g., second paragraph of section 6.2(a), below), or as otherwise stipulated or ordered, Disclosure or Discovery Material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced.

Designation in conformity with this Order requires:

(a) for information in documentary form (e.g., paper or electronic documents but not transcripts of depositions or other pretrial or trial proceedings), that the Producing Party affix the legend "CONFIDENTIAL" to each page that contains protected material. If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins)

A Party or non-party that makes original documents or materials available for inspection need not designate them for protection until after the inspecting Party has indicated which material it would like copied and produced. During the inspection and before the designation, all of the material made available for inspection shall be deemed "<u>CONFIDENTIAL</u>."  After the inspecting Party has identified the documents it wants copied and produced, the Producing Party must determine which documents, or portions thereof, qualify for protection under this Order, then, before producing the specified documents, the Producing Party must affix the "CONFIDENTIAL" legend to each page that contains Protected Material. If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins).

(b) for testimony given in deposition or in other pretrial or trial proceedings, that the Designating Party identify on the record, before the close of the deposition, hearing, or other proceeding, all protected testimony.

(c) for information produced in some form other than documentary, and for any other tangible items, including storage media  in or on which electronically stored information is recorded, that the Producing Party affix in a prominent place on the exterior of the container or containers in which information or item is stored the legend "CONFIDENTIAL."  If only portions of the information or item warrant protection, the Producing Party, to the extent practicable, shall identify the protected portions.

6.3     Inadvertent Failures to Designate. If timely corrected, an inadvertent failure to designate qualified information or items does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material.  Upon timely correction of a designation, the Receiving Party must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.

7.     CHALLENGING CONFIDENTIALITY DESIGNATIONS

7.1     Timing of Challenges. Any Party or Non-Party may challenge a designation of confidentiality at any time.  Unless a prompt challenge to a Designating Party's confidentiality designation is necessary to avoid foreseeable substantial unfairness, unnecessary economic burdens, or a later significant disruption or delay of the litigation, a Party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

7.2     Meet and Confer. The Challenging Party shall initiate the dispute resolution process by providing written notice of each designation it is challenging and describing the basis for each challenge. To avoid ambiguity as to whether a challenge has been made, the written notice must recite that the challenge to confidentiality is being made according to this specific paragraph of the Protective Order.  The parties shall attempt to resolve each challenge in good faith and must begin the process by conferring directly within fourteen days of the date of service of notice (in voice to voice dialogue; other forms of communication are not sufficient). In conferring, the Challenging Party must explain the basis for its belief that the confidentiality designation was not proper and must give the Designating Party an opportunity to review the designated material, to reconsider the circumstances, and, if no change in designation is offered, to explain the basis for the chosen designation. A Challenging Party may proceed to the next stage of the challenge process only if it has

engaged in this meet and confer process first or establishes that the Designating Party is unwilling to participate in the meet and confer process in a timely manner.

7.3   Judicial Intervention. If the Parties cannot resolve a challenge without court intervention, the Designating Party shall file and serve a motion under Civil Local Rule 7 (and in compliance with Civil Local Rule 79-5, if applicable) to retain confidentiality within 21 days of the initial notice of challenge or within fourteen days of the parties agreeing that the meet and confer process will not resolve their dispute. Each such motion must be accompanied by a competent declaration that affirms that the movant has complied with the meet and confer requirements imposed in the preceding paragraph. Failure by the Designating Party to make such a motion or to file such declaration within 21 days shall automatically waive the confidentiality designation for each challenged designation. Notwithstanding this provision, the Challenging Party may file a motion challenging a confidentiality designation at any time if there is good cause for doing so, including a challenge to the designation of a deposition transcript or any portions thereof. Any motion brought pursuant to this provision must be accompanied by a competent declaration affirming that the movant has complied with the meet and confer requirements imposed by the preceding paragraph.

The burden of persuasion in any such challenge proceeding shall be on the Designating Party. Frivolous challenges, or those made for an improper purpose (e.g., to harass or impose unnecessary expenses and burdens on other parties) may expose the Challenging Party to sanctions. Until the court rules on the challenge, all parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation.

8.   ACCESS TO AND USE OF PROTECTED MATERIAL

8.1   Basic Principles. A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a non-party in connection with this case only for prosecuting, defending, or attempting to settle this litigation, any

Related Arbitration, or both. Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order. When the litigation has been terminated, a Receiving Party must comply with the provisions of section 15, below (FINAL DISPOSITION).

Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

8.2   Disclosure of "CONFIDENTIAL" Information or Items.  Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated CONFIDENTIAL only to:

(a)   The Receiving Party's Outside Counsel of Record in this action, as well as employees of said Counsel to whom it is reasonably necessary to disclose the information for this litigation;

(b)   the officers, directors, and employees (including House Counsel) of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who, other than House Counsel, have signed the "Agreement to Be Bound by Protective Order" (Exhibit A);

(c)   Experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Agreement to Be Bound by Protective Order" (Exhibit A);

(d)   the Court and its personnel;

(e)   court reporters, their staffs, professional jury or trial consultants, mock jurors, and Professional Vendors to whom disclosure is reasonably necessary for this litigation and who have signed the "Agreement to Be Bound by Protective Order" (Exhibit A);

(f)   during their depositions, witnesses in the action to whom disclosure is reasonably necessary and who have signed the "Agreement to Be Bound

by Protective Order" (Exhibit A).  Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Stipulated Protective Order;

(g) the author or recipient of a document containing the information or a person who otherwise possessed or knew the information;

(h) in any Related Arbitration, the arbitrator, arbitrator's staff, the non-party (including its officers, directors, employees, and attorneys), experts, and court reporters who have signed the "Agreement to Be Bound by Protective Order" (Exhibit A).

9. <u>PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION</u>

If a Receiving Party is served with a subpoena or an order issued in other litigation that would compel disclosure of any information or items designated in this action as "CONFIDENTIAL" that Party must:

(a) promptly notify in writing the Designating Party. Such notification must include a copy of the subpoena or court order;

(b) promptly notify in writing the Party who caused the subpoena or order to issue in the other litigation that some or all the material covered by the subpoena or order is the subject of this Protective Order.  Such notification shall include a copy of this Stipulated Protective Order; and

(c) cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected.

If the Designating Party timely seeks a protective order, the Party served with the subpoena or order shall not produce any information designated in this action as "CONFIDENTIAL" prior to a determination by the court from which the subpoena or order issued or obtaining the Designating Party's permission. The Designating Party shall bear the burdens and the expenses of seeking protection in that court of its

confidential material - and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this action to disobey a lawful directive from another court.

10. <u>A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS LITIGATION</u>

(a) The terms of this Order are applicable to information produced by a non-party in this action and designated as "CONFIDENTIAL," and such information produced by non-parties in connection with this litigation is protected by the remedies and relief provided by this Order. Nothing in these provisions should be construed as prohibiting a non-party from seeking additional protections.

(b) In the event that a Party is required by a valid discovery request to produce a non-party's confidential information in its possession and the Party is subject to an agreement with the non-party not to produce the non-party's confidential information, then the Party shall:

(1) promptly notify in writing the Requesting Party and the non-party that some or all the confidential information requested is subject to the confidentiality rights of a non-party,

(2) promptly provide the non-party with a copy of the Stipulated Protective Order in this litigation, the relevant discovery request(s), and a reasonably particular description of the information requested; and

(3) make the information requested available for inspection by the non-party.

(c) If the non-party fails to object or seek a protective order from this Court within fourteen days of receiving the notice and accompanying information, the Receiving Party may produce the non-party's confidential information responsive to the discovery request. If the non-party timely seeks a protective order, the Receiving Party shall not produce any information in its possession or control that is subject to the confidentiality rights of the non-party prior to the issuance of a Court order or

permission of that non-party.[1]  Absent a Court order to the contrary, the non-party shall bear the burden and expense of seeking protection in this Court of its Protected Material.

### 11. UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Stipulated Protective Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such a person or persons to execute the "Acknowledgement and Agreement to Be Bound" that is attached hereto as Exhibit A.

### 12. INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL

When a producing party gives notice to the other parties that certain inadvertently produced material is subject to a claim of privilege or other protection, the obligations of the parties that received such material are those set forth in Rule 26(b)(5)(B) of the Federal Rules of Civil Procedure. This provision is not intended to modify whatever procedure may be established in an e-discovery order that provides for production without prior privilege review.

### 13. FILING PROTECTED MATERIAL

Without written permission from the Designating Party or a court order secured after appropriate notice to all interested persons, a Party may not file in the public record in this action any Protected Material. A Party that seeks to file under seal any Protected Material must comply with Civil Local Rule 79-5.  Protected material may only be filed under seal pursuant to a Court order authorizing the sealing

---

[1] The purpose of this provision is to alert the interested parties to the existence of confidentiality rights of a non-party and to afford the interested parties an opportunity to protect their confidentiality interests in this Court.

of the specific Protected Material at issue. Pursuant to Civil Local Rule 79-5, a sealing order will issue only upon a request establishing that the Protected Material at issue is privileged or protectable as a trade secret or otherwise entitled to protection under the law.

14. <u>MISCELLANEOUS</u>

14.1   Right to Further Relief. Nothing in this Order abridges the right of any person to seek its modification by the Court in the future.

14.2   Right to Assert Other Objections. By stipulating to the entry of this Protective Order no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Stipulated Protective Order. Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.

15. <u>FINAL DISPOSITION</u>

Within sixty days after the final disposition of this action and any Related Arbitration (if Protected Material has been disclosed in the arbitration), as defined in section 5, each Receiving Party must either return all Protected Material to the Producing Party or destroy such material and provide written certification under oath of such destruction.  As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries or any other form of reproducing or capturing any of the Protected Material.  Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the sixty day deadline that identifies (by category where such category or categories are first provided by Designating Party), where appropriate) all the Protected Material that was returned or destroyed and that affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or other forms of reproducing or capturing any of the Protected Material. Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing

transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product and consultant and expert work product, even if such materials contain Protected Material. Any such archival copies that contain or constitute Protected Material remain subject to this Protective Order as set forth in Section 5 (DURATION), above.

Pursuant to General Order No. 45, section X.B., the attorney filing this proposed stipulated order attests that he or she has obtained the concurrence of the non-filing attorneys listed below.

IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

Dated: August 11, 2010              EDELSON McGUIRE, LLC
                                    Attorneys for Plaintiff

                                    By: /s/ Christopher Dore
                                    Christopher Dore
                                    *cdore@edelson.com*

Dated: August 11, 2010              SUMMIT LAW GROUP PLLC
                                    Attorneys for Defendant B2Mobile, LLC

                                    By: /s/ Molly A. Terwilliger
                                    Philip S. McCune
                                    Molly A. Terwilliger
                                    *philm@summitlaw.com*
                                    *mollyt@summitlaw.com*

Dated: August 11, 2010              DAVIS WRIGHT TREMAINE LLP
                                    Attorneys for Defendant Autobytel Inc.

                                    By: /s/ Randy Gainer
                                    Randy Gainer
                                    Kenneth Payson
                                    Thomas R. Burke
                                    *randygainer@dwt.com*
                                    *kenpayson@dwt.com*
                                    *thomasburke@dwt.com*

Dated: August 11, 2010  REED SMITH, LLP
Attorneys for Defendant LeadClick Media, Inc.

By: /s/ Jennifer L. Nelson
John P. Zaimes
Roxanne M. Wilson
Jennifer L. Nelson
*jzaimes@reedsmith.com*
*rwilson@reedsmith.com*
*jlnelson@reedsmith.com*

Dated: August 11, 2010  Hanson Bridgett LLP
Attorneys for Defendant B2Mobile, LLC

By: /s/ Arman Javid
Arman Javid
Megan Oliver Thompson
Raymond Francis Lynch
*ajavid@hansonbridgett.com*
*moliver@hansonbridgett.com*
*rlynch@hansonbridgett.com*

PURSUANT TO STIPULATION, IT IS SO ORDERED.

DATED: 8/13/2010

CLAUDIA WILKEN
United States District Judge

# EXHIBIT A

## ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], of _____ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the Northern District of California on [date] in the case of *Kramer v. Autobytel, et al.,* 10-cv-02722-CW. I agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the Northern District of California for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action.

I hereby appoint _____ [print or type full name] of _____[print or type full address and telephone number] as my California agent for service of process in connection with this action or any proceedings related to enforcement of this Stipulated Protective Order.

Date: _____

City and State where sworn and signed:_____

Printed name: _____
                    [printed name]

Signature: _____
              [signature]

US_ACTIVE-104310046.1