IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTOPHER KRAMER, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>AUTOBYTEL, INC., a Delaware corporation, and B2MOBILE, LLC, a California limited liability company, and LEADCLICK MEDIA, INC., a California corporation,<br><br>Defendants. | No. 10-cv-02722-CW<br><br>**PRELIMINARY APPROVAL ORDER**<br><br>Honorable Claudia A. Wilken |

## **PRELIMINARY APPROVAL ORDER**

WHEREAS, a class action is pending before the Court entitled *Kramer v. Autobytel Inc., B2Mobile, LLC, & Leadclick Media Inc.,* Case No. 10-cv-02722-CW; and

WHEREAS, Plaintiffs and Defendants B2Mobile, LLC., and LeadClick Media, Inc., (collectively, "Defendants") have entered into a Settlement Agreement dated July 15, 2011, which, together with the exhibits attached thereto, sets forth the terms and conditions for a proposed settlement and dismissal of the Action with prejudice as to Defendants upon the terms and conditions set forth therein (the "Settlement Agreement"), and the Court having read and considered the Settlement Agreement and exhibits attached thereto;

This matter coming before the Court upon the agreement of the parties, good cause being shown, and the Court being fully advised in the premises,

IT IS HEREBY ORDERED, DECREED, AND ADJUDGED AS FOLLOWS:

1. Terms and phrases in this Order shall have the same meaning as ascribed to them in the Settlement Agreement.

2. The parties have moved the Court for an order approving the settlement of the Action in accordance with the Settlement Agreement, which, together with the documents incorporated therein, sets forth the terms and conditions for a proposed settlement and dismissal of the Action with prejudice, and the Court having read and considered the Settlement

Agreement and having heard the parties and being fully advised in the premises, hereby preliminarily approves the Settlement Agreement in its entirety subject to the Final Approval Hearing referred to in paragraph 18 of this Order.

3.  The Court finds that, subject to the Final Approval Hearing, the Settlement Agreement is fair, reasonable, adequate, and in the best interests of the classes set forth below. The Court further finds that the Settlement Agreement substantially fulfills the purposes and objectives of the class action, and provides substantial relief to the classes without the risks, burdens, costs, or delay associated with continued litigation, trial, and/or appeal.  The Court also finds that the Settlement Agreement (a) is the result of arms' length negotiations between experienced class action attorneys assisted by Professor Eric D. Green of Resolutions, LLC; (b) is sufficient to warrant notice of the settlement and the Final Approval Hearing to the Settlement Class; (c) meets all applicable requirements of law, including Federal Rule of Civil Procedure 23, and the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1715; and (d) is not a finding or admission of liability by the Defendants or any other parties.

**Settlement Class Certification**

4.  For purposes of settlement only: (a) Jay Edelson, Myles McGuire, Ryan D. Andrews, and Christopher L. Dore of Edelson McGuire, LLC are appointed Class Counsel for the Settlement Class; and (b) Christopher Kramer is named Class Representative.  The Court finds that these attorneys are competent and capable of exercising the responsibilities of Class Counsel and that Mr. Kramer will adequately protect the interest of the classes defined below.

5.  For purposes of settlement only, the Court certifies the following classes as defined in the Settlement Agreement:

> **B2Mobile Class** consisting of all Persons in the United States and its territories who, from January 1, 2008 until the date of preliminary approval, received a text message from Short Code 77893 or a text message containing a B2Mobile Website that was transmitted by or on behalf of B2Mobile and was sent without such Person's prior express consent. Excluded from the B2Mobile Class are the following: the Defendants, LeadClick Auto Class Members (as defined herein and to the extent they only received auto-related text messages), the Settlement Administrator, the Mediator, and any respective parent, subsidiary, affiliate or control person of the Defendants or their officers, directors, agents, servants, or

employees as of the date of filing of the Action, any judge presiding over the Action and the immediate family members of any such Person(s).

**LeadClick Auto Class** consisting of all persons in the United States and its territories who, from January 1, 2008 until the date of preliminary approval, received an automobile-related text message from Short Code 77893 or an automobile-related text message containing a B2Mobile Website that was transmitted by or on behalf of B2Mobile and was sent without such Person's prior express consent. Excluded from the LeadClick Auto Class are the following: the Defendants, the Settlement Administrator, the Mediator, and any respective parent, subsidiary, affiliate or control person of the Defendants, as well as their officers, directors, agents, servants, or employees, any judge presiding over the Action and the immediate family members of any such Person(s).

6. The Court finds, subject to the Final Approval Hearing referred to in Paragraph 18 below, that the Settlement Agreement is fundamentally fair, adequate, and reasonable, and, solely within the context of and for the purposes of settlement only, that the LeadClick Auto Class and B2Mobile Class each satisfy the requirements of Rule 23 of the Federal Rules of Civil Procedure, specifically, that: the LeadClick Auto Class and B2Mobile Class each are each so numerous that joinder of all members is impracticable; there are questions of law and fact common to the both the LeadClick Auto Class and B2Mobile Class; the claims of the Class Representative are typical of the claims of the LeadClick Auto Class and B2Mobile Class members; the Class Representative will fairly and adequately protect the interests of the both the LeadClick Auto Class and B2Mobile Class; common questions of law or fact predominate over questions affecting individual members; and a class action is a superior method for fairly and efficiently adjudicating the Action.

7. Should the Settlement Agreement not receive the Court's final approval, should final approval be reversed on appeal, or should the Settlement Agreement otherwise fail to become effective, the Court's grant of class certification shall be vacated, and the Class Representative and the LeadClick Auto Class and B2Mobile Class would once again bear the burden of establishing the propriety of class certification. In such case, neither the certification of the LeadClick Auto Class and B2Mobile Class for settlement purposes, nor any other act relating to the negotiation or execution of the Settlement Agreement shall be considered as a factor in connection with any class certification issue(s).

**Notice and Administration**

8.      The Court approves, as to form, content and distribution, the Claim Form attached to the Settlement Agreement as Exhibit B, the Notice Plan and all forms of Notice to the Settlement Class as set forth in the Settlement Agreement and Exhibits C and D thereto, and finds that such Notice is the best notice practicable under the circumstances, and that the Notice complies fully with the requirements of the Federal Rules of Civil Procedure. The Court also finds that the Notice constitutes valid, due and sufficient notice to all persons entitled thereto, and meets the requirements of Due Process.  The Court further finds that the Notice is reasonably calculated to, under all circumstances, reasonably apprise the members of the Settlement Class of the pendency of this action, the terms of the Settlement Agreement, and the right to object to the settlement and to exclude themselves from the Settlement Class.  In addition, the Court finds that no notice other than that specifically identified in the Settlement Agreement is necessary in this Action.  The parties, by agreement, may revise the Notice and Claim Form in ways that are not material, or in ways that are appropriate to update those documents for purposes of accuracy or formatting for publication.

9.      The Court approves the request for the appointment of Rust Consulting and Kinsella Media, as Settlement Administrator in accordance with the provisions of paragraph 1.49 of the Settlement Agreement.

10.     Pursuant to paragraph 4.2 of the Settlement Agreement, the Settlement Administrator is directed to publish the Notice and Claim Form on the Settlement Website within ten (10) days following the entry of this Order.  Further the Settlement Administrator shall provide on-line media and print publication in accordance with the Notice Plan called for by the Settlement Agreement by November 11, 2011, but not later than one hundred five (105) days after receipt of Preliminary Approval of this Agreement.   (The date by which all Notice shall be complete shall be referred to herein as "the Notice Date").  The Settlement Administrator shall also distribute the press release provided for in paragraph 4.2(g) of the Settlement Agreement within fourteen (14) days of the of the entry of this Order.   The Settlement Administrator shall

also maintain the Settlement Website to provide full information about the Settlement and allow for the filing of claims online.

11. Members of the LeadClick Auto Class and B2Mobile Class who wish to receive benefits under the Settlement Agreement must complete and submit a Claim Form in accordance with the instructions contained therein. All Claim Forms must be postmarked or received by the Settlement Administrator with 45 days after the date of the entry of the Final Judgment.

**Exclusion**

12. Members of the LeadClick Auto Class and B2Mobile Class who wish to exclude themselves from the either class may do so if, on or before the Objection/Exclusion Deadline of December 30, 2011, they comply with the exclusion procedures set forth in the Settlement Agreement and Notice. Any members of the LeadClick Auto Class and B2Mobile Class so excluded shall neither be bound by the terms of the Settlement Agreement nor entitled to any of its benefits.

13. Any members of the LeadClick Auto Class and B2Mobile Class who elect to exclude themselves or "opt out" of the Settlement Agreement must file a written request with the Settlement Administrator, received or postmarked no later than the Objection/Exclusion Deadline. The request for exclusion must be signed by the member of the LeadClick Auto Class and B2Mobile Class, must include the Person's name address, the cellular phone number that received a text message from Short Code 77893 or any text message containing a B2Mobile Website, a signature, the name and number of the case, and a statement that he/she wishes to be excluded from the LeadClick Auto Class or the B2Mobile Class. So called "mass" or "class" opt-outs shall not be allowed.

14. Members of the LeadClick Auto Class and B2Mobile Class who opt out of the Settlement Agreement will relinquish their rights to benefits under the Settlement Agreement and will not release their Claims. However, members of the LeadClick Auto Class and B2Mobile Class who fail to submit a valid and timely request for exclusion shall be bound by all terms of the Settlement Agreement and the Final Judgment, regardless of whether they have requested exclusion from the Settlement Agreement.

**Objections**

15. Any member of the LeadClick Auto Class and B2Mobile Class who has not timely filed a request for exclusion may object to the fairness, reasonableness, or adequacy of the Settlement Agreement or to a Final Judgment being entered dismissing the Action with prejudice in accordance with the terms of the Settlement Agreement, or to the attorneys' fees and expense reimbursement sought by Class Counsel in the amounts specified in the Notice and Settlement Agreement, or to the award to the Class Representative as set forth in the Notice and Settlement Agreement. By or before December 16, 2011, papers supporting the Fee Award shall be filed with the court and posted to the settlement website listed in paragraph 4.2(h). Members of the LeadClick Auto Class and B2Mobile Class may object on their own, or may do so through separate counsel at their own expense.

16. To object, members of the LeadClick Auto Class and B2Mobile Class must sign and file a written objection no later than on or before the Objection/Exclusion Deadline December 30, 2011. To be valid, the objection must set forth his/her full name, current address, telephone number, state that he or she is a member of the LeadClick Auto Class or the B2Mobile Class, provide the cellular phone number that received a text message from Short Code 77893 or any text message containing a B2Mobile Website. In addition, any objection must provide all arguments, citations, and evidence supporting the objection (including copies of any documents relied on) and include a statement whether the objector intends to appear at the Final Approval Hearing with or without counsel. Members of the LeadClick Auto Class and B2Mobile Class who fail to file and serve timely written objections in substantial compliance with the requirements of this paragraph and the Settlement Agreement shall be deemed to have waived any objections and shall be foreclosed from making any objections (whether by appeal or otherwise) to the Settlement Agreement or to any of the subjects listed in paragraph 18 below.

17. To be valid, objections must be filed with the Court and sent to Ryan D. Andrews, Edelson McGuire, LLC, 350 North LaSalle, Suite 1300, Chicago, IL 60654,

one of Class Counsel, and also to Defendants' Counsel, Philip S. McCune, Summit Law Group PLLC, 315 Fifth Avenue S., Suite 1000, Seattle, WA 98104-2682, and Roxanne M. Wilson, Reed Smith, LLP, 355 South Grand Avenue, Suite 2900, Los Angeles, CA 90071-1514.

**Fairness Hearing**

18. The Final Approval Hearing shall be held before this Court on January 26, 2012, at 2:00 PM, at the United States Courthouse, 1301 Clay Street, Courtroom 2, 4th Floor, Oakland, California to determine (a) whether the proposed settlement of the Action on the terms and conditions provided for in the Settlement Agreement is fair, reasonable and adequate and should be given final approval by the Court; (b) whether a judgment and order of dismissal with prejudice should be entered; (c) whether to approve the payment of attorneys' fees and expenses to Class Counsel; and (d) whether to approve the payment of incentive awards to the Class Representative. The Court may adjourn the Fairness Hearing without further notice to members of the Settlement Class.

19. Papers in support of final approval of the Settlement Agreement, the incentive award, and any supplementation to the request for the Fee Award, shall be filed with the Court on or before January 12, 2012.

**Further Matters**

20. All further proceedings in the Action are ordered stayed until the Final Judgment or termination of the Settlement Agreement, whichever occurs earlier, except for those matters necessary to obtain and/or effectuate final approval of the Settlement Agreement.

21. Members of the LeadClick Auto Class and B2Mobile Class shall be bound by all determinations and judgments in the Action concerning the Action and/or Settlement Agreement, whether favorable or unfavorable.

22. If the Settlement Agreement is not approved by the Court in complete accordance with its terms, each party will have the option of having the Action revert to its status as if the Settlement Agreement had not been negotiated, made, or filed with the

Court. In such event, the parties will retain all rights as if the Settlement Agreement was never agreed upon.

23. In the event that the Settlement Agreement is terminated pursuant to the provisions of the Settlement Agreement or for any reason whatsoever the approval of it does not become Final then (i) the Settlement Agreement shall be null and void, including any provision related to the award of attorneys' fees, and shall have no further force and effect with respect to any party in this Action, and shall not be used in this Action or in any other proceeding for any purpose; (ii) all negotiations, proceedings, documents prepared, and statements made in connection therewith shall be without prejudice to any person or party hereto, shall not be deemed or construed to be an admission by any party of any act, matter, or proposition, and shall not be used in any manner or for any purpose in any subsequent proceeding in this Action or in any other action in any court or other proceeding, provided, however, that the termination of the Settlement Agreement shall not shield from subsequent discovery any factual information provided in connection with the negotiation of this Settlement Agreement that would ordinarily be discoverable but for the attempted settlement; (iii) other than as expressly preserved by the Settlement Agreement in the event of its termination, the Settlement Agreement shall have no further force and effect with respect to any party and shall not be used in the Action or any other proceeding for any purpose; and (iv) any party may elect to move the Court pursuant to the provisions of this paragraph, and none of the non-moving parties (or their counsel) shall oppose any such motion.

It is so ordered, this __**29th**__ day of _____**July**_____, 2011.

Enter:

_____

United States District Court Judge