# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA
# OAKLAND DIVISION

| | |
|---|---|
| CHRISTOPHER KRAMER, individually and on behalf of all others similarly situated, | No. 10-cv-02722-CW |
| Plaintiff, | Honorable Claudia A. Wilken |
| v. | **[PROPOSED] ORDER GRANTING PLAINTIFF'S MOTION TO STRIKE OBJECTIONS** |
| AUTOBYTEL, INC., a Delaware corporation, and B2MOBILE, LLC, a California limited liability company, and LEADCLICK MEDIA, INC., a California corporation, | |
| Defendants. | |

This matter came before the Court on Plaintiff's Motion to Strike Objections. (Dkt. 139.) The Court, having reviewed the papers filed in support of and in opposition to the motion, including evidence submitted by Plaintiff, and good cause appearing therein, Plaintiff's Motion to Strike Objections is hereby GRANTED.

1. Objector Snider-Cannata Interests LLC filed its objection to the Settlement Agreement on January 5, 2012. (Dkt. 129.) Plaintiff submitted to Objector Snider-Cannata and to the Court evidence in the form of a sworn declaration from Defendant B2Mobile's CTO stating that the phone number provided by Objector Snider-Cannata was never sent any allegedly unauthorized text messages implicated by the Settlement and was therefore neither a member of the B2Mobile Class or the LeadClick Auto Class. (Dkt. 132.) Objector Snider-Cannata thereafter withdrew its objection, which was then approved by the Court. (Dkt. 134.) As the evidence before the Court has shown that Objector Snider-Cannata is not a member of either the

1. B2Mobile Class or the LeadClick Auto Class, and it has produced no evidence to contradict the evidence provided by Plaintiff, it is without standing to object and its objection is therefore STRICKEN. *San Francisco NAACP v. San Francisco Unified Sch. Dist.*, 59 F. Supp. 2d 1021, 1032 (N.D. Cal. 1999) ("non class members have no standing to object").

2. The Court has nonetheless considered the arguments raised by Objector Snider-Cannata and found them to be without merit for the reasons set forth in Plaintiff's opposition, Dkt. 139.

3. Objector Steven Cope filed his objection to the Settlement Agreement on January 5, 2012. (Dkt. 128.) Plaintiff submitted to Objector Cope and to the Court evidence in the form of a sworn declaration from Defendant B2Mobile's CTO stating that the phone number provided by Cope was never sent any allegedly unauthorized text messages implicated by the Settlement and was therefore neither a member of the B2Mobile Class or the LeadClick Auto Class. (Dkt. 139-2.) Despite being presented with this evidence and producing no evidence to the contrary, Cope initially refused to withdraw his objection. Cope has since concluded that he was not a member of either the B2Mobile Class or LeadClick Auto Class and has withdrawn his objection. (Dkt. 143.) The Court has approved the withdrawal of the objection. (Dkt. 144.) As the evidence before the Court has shown that Objector Cope is not a member of either the B2Mobile Class or the LeadClick Auto Class, and Cope has produced no evidence to contradict the evidence provided by Plaintiff despite being ordered by the Court to do so, it is without standing to object and its objection is therefore STRICKEN. *San Francisco NAACP*, 59 F. Supp. 2d at 1032 (N.D. Cal. 1999).

4. The Court has nonetheless considered the arguments raised by Cope and found them to be without merit for the reasons set forth in Plaintiff's opposition, Dkt. 139.

WHEREFORE, all objections are hereby stricken on the grounds that the evidence before the Court shown the neither objection was filed by a member of either the B2Mobile Class or the LeadClick Auto Class, that objectors have failed to submit proof or otherwise establish that they are

1  members of either class, and they therefore lack standing to challenge any fee request or the fairness
2  of this Settlement Agreement.  Additionally, the objections are otherwise without merit for the
3  reasons set forth in this Order, Plaintiff's Combined Opposition and Motion to Strike Objections, and
4  for the reasons stated by the Court at the January 26, 2012 Fairness Hearing.

**IT IS SO ORDERED**

DATED this _____ day of _____, 2012

_____
HONORABLE CLAUDIA A. WILKEN
UNITED STATES DISTRICT COURT